IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                                                OPINION AND ORDER

                Plaintiff,

                                                                                                 10-cr-12-bbc
                                                                                                  13-cv-127-bbc

        v.

RICHARD E. CRAYTON,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Defendant Richard E. Crayton has filed a motion for post conviction relief under 28 U.S.C. § 2255, contending that he is entitled to a new sentencing or, to be more precise, that he will be entitled to a new sentencing once the United States Supreme Court decides <u>Alleyne v. United States</u>, a case in which it has granted certiorari. Defendant's motion cannot succeed at this time, but I will give defendant an opportunity to withdraw his motion, so that he can file a new motion in the event the Supreme Court should decide both that federal courts have no authority to increase a mandatory minimum sentence in the absence of findings by the jury and that its holding applies retroactively to all cases in which courts have made such increases in sentencing guideline ranges.

       Defendant was charged in 2010 with knowingly and intentionally distributing a substance containing heroin that resulted in the death of another person from the use of the substance. He was found guilty at trial but the jury was unable to decide the special verdict

1

question asking whether his distribution of heroin resulted in H.H.'s death. At sentencing, he was given the maximum penalty of 20 years under 21 U.S.C. § 841(b)(1)(C), which was also the statutory minimum sentence.

Defendant appealed his sentence to the Court of Appeals for the Seventh Circuit, arguing that the holding in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), required that any fact (other than the fact of a prior conviction) that increases the penalty of a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. The court of appeals denied his appeal on the ground that Apprendi did not apply to increases in statutory *minimum* sentences. United States v. Crayton, No. 11-1820, slip op. at 4 (7th Cir. Dec. 27, 2011). He then petitioned the Supreme Court for a writ of certiorari, which was denied on May 14, 2012. He filed this motion on February 21, 2013.

Defendant is barred by the law of the case doctrine from raising the issue of his sentence on a motion for post conviction relief because he has raised the issue and it has been denied. Varela v. United States, 481 F.3d 932, 935 (7th Cir. 2007) ("law of the case" doctrine prevents reargument). The only exception is changed circumstances. Id. He believes that circumstances may change, depending on what the Supreme Court does in the Alleyne case, but they have not changed at this time, so his motion would have to be denied. It may be that in the future, the Supreme Court will decide that a judge lacks the authority to impose a higher minimum sentence in the absence of a jury finding to that effect, but if it does, its holding will not affect defendant unless the Court would decide that its holding

has retroactive effect. In other words, before any decision in Alleyne would benefit defendant, the Court would have to make a second finding that its new holding applies to any past case in which a federal court had imposed a higher minimum mandatory sentence than required by the jury's verdict. Such findings are rare but are not unheard of.

If defendant wants to withdraw his motion and file it again should the Supreme Court decide Alleyne in his favor and also rule that its holding is retroactive, he may do so. If he chooses not to withdraw it, it will be denied on the ground that the present law does not support his claim and it will count as a first motion. In that event, even if Alleyne is decided in his favor, he will not be able to file a second motion unless he first obtains the permission of a panel of the Court of Appeals for the Seventh Circuit. 28 U.S.C. § 2255(h). The passage of time will not prevent him from filing if and when a favorable decision is rendered in Alleyne. 28 U.S.C. § 2255(f)(3) restarts the one-year limitation period after "the right asserted" is newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

ORDER

IT IS ORDERED that defendant Richard E. Crayton may have until March 7, 2013, in which to advise the court whether he wishes to withdraw with his motion for post conviction relief at this time. If he does not respond, I will assume that he wishes to proceed

with his motion and it will be denied.

    Entered this 26th day of February, 2013.

                                    BY THE COURT:
                                    /s/
                                  BARBARA B. CRABB
                                  District Judge